IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CESAR RAMIREZ-GUZMAN, §<br>Fed. Reg. No: #71215-280, §<br>§<br>Petitioner, §<br>§<br>v. §<br>§<br>UNITED STATES OF AMERICA, §<br>§<br>Respondent. § | EP-12-CV-198-KC<br>EP-11-CR-416-KC-2 |

## ORDER

On this day, the Court considered Cesar Ramirez-Guzman's ("Ramirez-Guzman") "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("Motion"). ECF No. 72. For the reasons set forth below, the Motion is **DENIED**.

**I.   BACKGROUND**

On February 23, 2011, the grand jury sitting in El Paso, Texas returned a two-count Indictment charging Ramirez-Guzman with: Conspiracy to Possess Fifty Kilograms or More of Marijuana with Intent to Distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1); and Possession of Fifty Kilograms or more of Marijuana with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). *See generally* Indictment, ECF No. 17. *Id.* Ramirez-Guzman pleaded guilty to both charges on April 29, 2011, before a United States Magistrate Judge, which plea this Court accepted on May 18, 2011. ECF Nos. 37, 39.

On July 19, 2011, this Court sentenced Ramirez-Guzman to forty-two months of incarceration for each of the two counts, to be served concurrently, followed by a term of non-

reporting supervised release of three years. J. 2-3, ECF No. 52. The Court also imposed a $200 special assessment. *Id.* at 6. On May 29, 2012, Ramirez-Guzman filed the instant Motion, to which the government responded on August 6, 2012.

## II.     DISCUSSION

### A.     Standards

#### 1.     28 U.S.C. § 2255

After a petitioner has been convicted and has exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)). Accordingly, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)). Typically, before a court will grant relief pursuant to § 2255, the petitioner must establish: "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

Moreover, a collateral challenge to a conviction or sentence should not serve as a substitute for a direct appeal. *Frady*, 456 U.S. at 165; *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a petitioner must either: (1) demonstrate "cause" for

not raising the issue on direct appeal and "actual prejudice" resulting from the error, or (2) show that he is "actually innocent" of the crime for which he was convicted. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999). The cause and actual prejudice standard is "significantly more rigorous than even the plain error standard . . . applied on direct appeal." *Gaudet*, 81 F.3d at 589. If the petitioner does not meet either burden, then he is procedurally barred from attacking his conviction or sentence. *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992). This procedural bar does not apply, however, to claims alleging ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 508 (2003).

        **2.**      **Ineffective assistance of counsel**

The United States Constitution's Sixth Amendment guarantees an accused the right to the assistance of counsel for his defense in all criminal prosecutions. U.S. Const. amend. VI. Moreover, "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). "[I]neffective assistance claims are ordinarily brought for the first time on collateral review because of the difficulty of compiling an adequate record by the time of direct appeal." *Gaudet*, 81 F.3d at 589 n.5. To merit relief on an ineffective assistance of counsel claim, a petitioner must demonstrate both (1) that his "counsel's performance was deficient[,]" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A failure to establish either prong of this test requires a court to find that counsel's performance was constitutionally effective. *See Strickland*, 466 U.S. at 687 ("Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997)

("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

The test's performance prong centers on whether counsel's assistance was reasonable, considering all the circumstances at the time of counsel's conduct. *See Strickland*, 466 U.S. at 688 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."). In order to obtain relief, a petitioner must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In assessing whether a particular counsel's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

A deficiency in counsel's performance, even if professionally unreasonable, does not equal ineffective assistance of counsel; the petitioner must also demonstrate actual prejudice. *See id.* at 691-92 ("The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."). The test's prejudice prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### 3. Pro se status

A court reviews pro se pleadings under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). At the same time, however, parties proceeding pro se are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient . . . ." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).

## B. Ramirez-Guzman's § 2255 Motion

In his Motion, Ramirez-Guzman seeks a reduction in his sentence on two grounds. First, he argues that his counsel was ineffective for failing to request a two-level downward departure to his base offense level in exchange for his acceptance of a Final Order of Removal. Mot. 5. Second, Ramirez-Guzman claims counsel was ineffective for failing to seek his removal from the United States as a condition of his supervised release. Mot. 6. The Court addresses each challenge in turn

### 1. Failure to seek downward departure pursuant to Attorney General memoranda

In the Motion, Ramirez-Guzman states that "[u]nder the Attorney General Memorandum dated April 28, 1995, the United States Attorney General and 'Ashcroft Memo' dated September 22, 2003, as well as two subsequent memoranda, [sic] can offer up to (2) points downward departure if defendant accepts a final deportation order." Mot. 5. Because his attorney did not seek this two-point departure, Ramirez-Guzman argues he received ineffective assistance of counsel. Mot. 5.

At the outset, the Court notes that this is not the first district court in recent times to encounter a motion to vacate premised upon these Attorney General memoranda. *See, e.g., United States v. Mendez-Acosta*, 2:10-CR-476-KJD-GWF, 2013 WL 2405234 (D. Nev. May 31, 2013); *United States v. Ortega*, 5:10-CR-50106, 2013 WL 695011 (W.D. Ark. Jan. 31, 2013); *United States v. Estrada-Chavez*, 3:11-005-DCR, 2012 WL 5178182 (E.D. Ky. Oct. 18, 2012); *Figueroa-Ornelas v. United States*, 3:11-CR-972, 2012 WL 4482055 (W.D. Tex. Sept. 26, 2012) *United States v. Ambriz-Corona*, C-08-816, 2009 WL 4281146 (S.D. Tex. Nov. 25, 2009). The Court has reviewed the opinions of these courts and follows their reasoning to the extent they comport with Fifth Circuit precedent and to the extent this Court finds them persuasive.

### a.     April 28, 1995, memorandum

In his Motion, Ramirez-Guzman appears to argue that the Attorney General's April 28, 1995, memorandum ("1995 Memo") allowed his attorney to seek a down departure in return for Ramirez-Guzman's conceding deportability. Mot. 5. Because his attorney failed to seek such a downward departure, Ramirez-Guzman would argue that he failed to receive this benefit, and therefore his attorney failed to provide effective assistance of counsel. *See id.; see also Ambriz-Corona*, 2009 WL 4281146, at *4 (citing *United States v. Hernandez-Montealegre*, 445 F. Supp. 2d 646, 652-57 (E.D. Va. 2006)) (construing a similar claim based upon the 1995 Memo).

This argument fails for several reasons. First, as explained in detail by the district court in *Estrada-Chavez*, "the basis for the policy [announced in the 1995 memo] was severely undermined by Congress in 1996 when it amended the Immigration and Nationality Act to provide for administrative reinstatement of prior deportation, exclusion and removal orders." *Estrada-Chavez*, 2012 WL 5178182, at *4 (citing Illegal Immigration Reform and Immigrant Responsibility Act ("IIRAIRA"), Pub.L. No. 104–208, 110 Stat. 1570, 1701–1703 (1996)).

Further, the *Estrada-Chavez* court points out that a subsequent memorandum issued by the Attorney General in 1999 explains how the IIRAIRA significantly reduced the benefit to the government from an alien's stipulation to removal from the United States, and rendered the 1995 Memo ineffective. *Id.* at *4-5.

This Court agrees with the court in *Estrada-Chavez* that the IIRAIRA and the subsequent Attorney General 1999 memorandum modified the 1995 Memo, such that federal prosecutors are no longer authorized to recommend downward departure requests based upon a defendant's stipulation to removal, absent a showing of special circumstances. *See id.* To the extent the 1995 Memo was superseded by the IIRAIRA and the 1999 memorandum, any attempt on the part of defense counsel in this case to seek a downward departure would have been meritless and futile. Failure of counsel to raise meritless or futile arguments cannot form the basis of an ineffective assistance claim. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1984); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984). Therefore, counsel's actions in this regard cannot form the basis of an ineffective assistance claim. *See Clark*, 19 F.3d at 966; *Murray*, 736 F.2d at 283.

Although the Fifth Circuit has not yet had occasion to speak directly on this issue, other federal courts of appeal agree that absent some showing that a case is "unusual or atypical," a defendant's conceding to deportation is not a proper basis for a departure under the United States Sentencing Guidelines ("U.S.S.G.") pursuant to U.S.S.G. § 5K2.0. *See Ambriz-Corona*, 2009 WL 4281156, at *5 (citing *United States v. Clase-Espinal*, 115 F.3d 1054, 1056 (1st Cir. 1997)); *see also United States v. Galvez-Falconi*, 174 F.3d 255, 260 (2d Cir. 1999); *United States v. Mignott*, 184 F.3d 1288, 1291 (11th Cir. 1999); *United States v. Marin-Castaneda*, 134 F.3d 551, 555-556 (3d Cir. 1998); *United States v. Flores-Uribe*, 106 F.3d 1485, 1487-88 (9th Cir. 1997).

As did the *Ambriz-Corona* court, this Court finds the holdings in those cases to be consistent with Fifth Circuit precedent. *See Ambriz-Corona*, 2009 WL 4281156, at *5. According to the court in *Ambriz-Corona*:

> [T]he Fifth Circuit noted that, while alienage is a permissible basis for departure for a non-immigration offense, departure is warranted only when the sentencing court finds, "after considering the structure and theory of both relevant individual guidelines and the Guidelines taken as whole," that the case is "out of the Guideline's heartland."

*Id.* (quoting *United States v. Garay*, 235 F.3d 230, 233 (5th Cir. 2000) (quoting *Koon v. United States*, 518 U.S. 81, 94 (1996)).

In the instant case, Ramirez-Guzman has made no showing of facts or circumstances that would remove his case from the Guideline's heartland. Even if his attorney had somehow been able to secure a recommendation for a downward departure from the government in exchange for Ramirez-Guzman's agreeing to deportation, this Court could not have properly granted such a departure. *See Garay*, 235 F.3d at 233. And, considering the impropriety of the government's recommending a downward departure pursuant to § 5K2.0 of the Guidelines in this case, Ramirez-Guzman has not shown in the instant Motion that his attorney had acted unreasonably in any fashion or that he was prejudiced by counsel's performance. *See Estrada-Chavez*, 2012 WL 5178182, at *5-6; *Ambriz-Corona*, 2009 WL 4281146, at *5. Accordingly, Ramirez-Guzman has failed to show that he received anything other than effective assistance of counsel. *See Strickland*, 466 U.S. at 687-88, 691-94; *Armstead*, 37 F.3d at 210.

     **b.  September 22, 2003, memorandum**

Ramirez-Guzman also makes passing reference to a September 22, 2003, Attorney General memorandum when arguing that his attorney provided ineffective assistance for failing to seek the two-point downward departure for "accepting a final deportation order." Mot. 5. It appears that Ramirez-Guzman is referring to "Memorandum from Attorney General John

Ashcroft Setting Forth Justice Department's 'Fast-Track' Policies" dated September 22, 2003 ("2003 Memo").  *See United States v. Gomez-Herrera*, 523 F.3d 554, 560 (5th Cir. 2008) (citing 2003 Memo, 16 Fed. Sent. R. 134, 2003 WL 23475483, at *2 (Dec. 2003)).

> According to the 2003 Memo:
>
> Early disposition or "fast-track" programs are based on the premise that a defendant who promptly agrees to participate in such a program has saved the government significant and scarce resources that can be used in prosecuting other defendants and has demonstrated an acceptance of responsibility above and beyond what is already taken into account by the adjustments contained in [United States Sentencing Guidelines] § 3E1.1.

2003 Memo, 16 Fed. Sentencing R.134, 2003 WL 23475483, at *2.

Thus, "[f]ast-track programs allow certain defendants to plead guilty and waive certain rights early in the criminal process in exchange for downward departures to the sentences." *United States v. Martinez-Valdez*, EP-11-CV-68, EP-09-CR-2948-PRM, 2011 WL 3666606, at *3 (W.D. Tex. July 19, 2011) (citing U.S.S.G. § 5K3.1).

It appears that Ramirez-Guzman argues that his attorney provided ineffective assistance for failing to secure for him a downward departure under the fast track program.  This argument fails for two reasons.  First, as of the time of Ramirez-Guzman's April 29, 2011, plea and July 19, 2011, sentencing, the fast track program had not yet been implemented in the El Paso Division of the Western District of Texas.  *See id.* (citing *United States v. Flores-Prieto*, 417 F. App'x 393, 394 (5th Cir. Feb. 15, 2011)).[1]  Further, "fast track disposition is generally commenced by an offer from the government to enter into a plea agreement." *United States v. Gomez-Herrera*, 523 F.3d 554, 561 (5th Cir. 2008) (citing inter alia *United States v. Martinez-Trujillo*, 468 F.3d 1266, 1269 (10th Cir. 2006) ("The decision that a defendant be 'fast-tracked'

---

[1] It is noteworthy that the date of the *Martinez-Valdez* opinion explaining that the fast track program had not yet been implemented in El Paso, Texas is July 19, 2011, the same date that Ramirez-Guzman was sentenced in this case.

is not made by the defendant but by the United States Attorney.")).  Therefore, because no fast track program had been implemented in this division at the time of Ramirez-Guzman's plea and sentencing, and because it is generally not the defense which initiates the fast track disposition, defense counsel did not perform unreasonably by not seeking a downward departure pursuant to fast track.  Accordingly, Ramirez-Guzman has not shown that his counsel's performance was deficient.  *See Strickland*, 466 U.S. at 687, *Motley*. 18 F.3d at 1226.  Further, any attempt by counsel to seek this departure would have been futile. Failure of counsel to raise futile arguments cannot form the basis of an ineffective assistance claim.  *See Clark*, 19 F.3d at 966; *Murray*, 736 F.2d at 283.

### 2. Failing to seek removal as a condition of supervised release.

Ramirez-Guzman's second ground for habeas corpus relief is incoherent. Liberally construing the claim, the Court understands him to allege that his counsel was ineffective in not requesting removal as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).  This claim is not cognizable pursuant to § 2255.

Section 3583(d) provides, "[i]f an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation." 18 U.S.C. § 3583(d).  However, according to the Fifth Circuit, supervised release under § 3583(d):

> simply permits the sentencing court to order, as a condition of supervised release, that "an alien defendant [who] is subject to deportation" be surrendered to immigration officials for deportation proceedings under the Immigration and [Nationality] Act. In other words, following [the defendant's] surrender to Immigration authorities, he is entitled to whatever process and procedures are prescribed by and under the Immigration and [Nationality] Act for one in [the defendant's] circumstances, for the purpose of determining whether he is "an alien defendant . . . subject to deportation."

10

*United States v. Quaye*, 57 F.3d 447, 449 (5th Cir.1995) (citing and adopting the holding in *United States v. Sanchez*, 923 F.2d 236, 237 (1st Cir.1991)); *see Figueroa-Ornelas*, 2012 WL 4482055, at *4; *United States v. Baker*, Crim.A.3:02-CV-260, 2002 WL 31689704, at *2 (N.D. Tex. Nov. 25, 2002).

Thus, a district court does not have the independent authority under § 3583(d) to order the removal of an alien defendant as a condition of supervised release. *Quaye*, 57 F.3d at 449. Rather, a court is limited under § 3583 to ordering the surrender of the alien defendant to immigration officials for a determination of whether he or she will be removed pursuant to immigration procedures. *Id.* Indeed, on habeas review with a petition very similar to that in the instant case, the district courts in both *Figueroa-Ornelas* and *Baker* both denied habeas relief based upon the Fifth Circuit's opinion in *Quaye*. *See Figueroa-Ornelas*, 2012 WL 4482055, at *4; *Baker*, 2002 WL 31689704, at *2.

This Court agrees with the courts in *Baker* and *Figuroa-Ornelas*: Because the Court lacked the authority to issue an order of deportation as a condition of Ramirez-Guzman's supervised release, a request by his counsel for an order of deportation would have been unavailing. *See Figueroa-Ornelas*, 2012 WL 4482055, at *4; *Baker*, 2002 WL 31689704, at *2; *See also Quaye*, 57 F.3d at 449.

"An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). Accordingly, Ramirez-Guzman has failed to show that his counsel rendered ineffective assistance. Moreover, an ineffective assistance claim requires the showing of prejudice. *Strickland*, 466 U.S. at 694. Ramirez-Guzman has not shown, or even alleged, and

the Court does not see how, his attorney's failure to seek removal as a condition of supervised release could have been prejudicial. The ineffective assistance claim fails.

### III. Certificate of Appealability

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted. *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir.1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted). In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted. *See* 28 U.S.C.A. § 2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); see also Lackey, 116 F.3d at 151 (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *but see United States v. Kimler*, 150 F.3d 429, 431 & n. 1 (5th Cir.1998) (explaining that the Fifth Circuit may address an issue not certified by the district court if the movant makes (1) an explicit request and (2) a substantial showing of the denial of a constitutional right).

Although Ramirez-Guzman has not filed a notice of appeal, this Court nonetheless must address whether he is entitled to a certificate of appealability. *See* 28 U.S.C.A. § 2255 Proc. R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the

merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Ramirez-Guzman's Motion fails because he has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court finds that it should deny a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth above, the Motion, ECF No. 86, is **DENIED** and the case is **DISMISSED WITH PREJUDICE**. The Certificate of Appealability is **DENIED**. All pending motions are **DENIED** as moot.

The Clerk shall close the case.

**SO ORDERED.**

SIGNED this 25th day of September, 2013.

*/s/ Kathleen Cardone*
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

13